269 P.2d 743

### STIFF v. FOGERSON.

### No. 5736.

Supreme Court of New Mexico.

April 8, 1954.

Glenn G. Stiff, Roswell, for appellant.

Smith & Smith, Clovis, for appellee.

COMPTON, Justice.

The question presented is whether statutory penalties for usury, in excess of the principal indebtedness plus the highest legal rate of interest, will support a judgment over for the borrower.

The applicable statute, § 53-607, 1941 Comp., provides:

"If a greater rate of interest than is hereinbefore, in section 1 (§ 53-606) allowed, shall be contracted for or received or reserved, the contract shall not therefor be void; but in any action on the contract proof may be made that a greater rate of interest has been directly or indirectly contracted for or taken or reserved, and the plaintiff shall recover only the principal less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have been paid, judgment shall be for the principal less twice the amount of interest paid and less the amount of all accrued and unpaid interest; and if the contract shall have been performed by the borrower, the person, persons or corporation who shall have received the interest shall

forfeit to the borrower from whom the interest was collected, or .to his heirs, executor, administrator or assigns, treble the amount of interest so collected in any cause of action brought for the recovery of the same within three (3) years after such cause of action accrued. (Laws 1919, ch. 162, § 2, p. 343; C.S.1929, § 89–110; Laws 1933, Ch. 142, § 1, p. 288.)"

On November 1, 1948, appellee and one Marion Batty entered into a contract whereby appellee agreed to furnish Batty capital in the amount of $5,592.70 for his use in the operation of a mercantile establishment known as Camp Camino Grocery, Market and Service Station in Chaves County. For the use of the capital, Batty agreed to pay appellee $200 monthly until March 1, 1951, at which time the capital thus advanced also was to be repaid in full. Pursuant to the terms of the contract, the capital was advanced and Batty paid appellee in monthly installments the total sum of $4,600, also the sum of $1,462.61 was repaid by Batty on the principal indebtedness. Subsequently, Batty was adjudged bankrupt and appellant was appointed trustee of the bankrupt estate. This action was instituted by the trustee for the recovery of penalties for usury. From an adverse judgment, he appeals.

Appellant contends that he is entitled to judgment for $9,200, being twice the amount of interest paid, less a credit of $4,130.09, the balance due on the principal indebtedness and legal interest thereon. The lower court concluded since penalties were in excess of the balance of the indebtedness owed, recoupment to the extent of $4,130.09 should be granted, but denied a money judgment over for the balance.

The ruling of the court obviously was correct. The force of the statute is to defeat recovery by the usurer on his contract and permit recoupment, unless the contract has been performed, a situation not present here. Until the usurious contract is performed, the only recovery provided for the borrower is cost.

The usury statute construed in the case of Jaffa v. Lopez, 38 N.M. 290, 31 P.2d 988, was originally enacted in the Laws of 1919, ch. 162, § 2, and was identical to the present statute except for a 1933 amendment which added to the original statute the following language:

"* * * and if the contract shall have been perfomed by the borrower, the person, persons or corporation who shall have received the interest shall forfeit to the borrower from whom the interest was collected, or to his heirs, executor, administrator or assigns,

treble the amount of interest so collected in any cause of action brought for the recovery of the same within three (3) years after such cause of action accrued." § 53-607, 1941 Comp.

The Jaffa case held that the original 1919 act contemplated only recoupment on the part of borrower and gave no right of recovery over in favor of the borrower and against the lender.

It is the contention of appellant that the 1933 amendment contemplated giving borrower an independent action or the right to recover over against the lender in any case, regardless of whether or not the contract has been performed, in which double the amount of interest paid under a usurious contract exceeded the amount of the principal obligation plus the highest lawful rate of interest. The appellant is in error in this contention. While the case of Flint v. Kimbrough, 45 N.M. 342, 115 P.2d 84, 87, dealt only indirectly with the 1933 amendment in connection with a question involving the defense of res judicata, nevertheless we agree with the interpretation there placed by this Court upon the 1933 amendment. The language is as follows:

"It seems appropriate at this point to again glance at our usury statute.

"Prior to the 1933 amendment, the penalties were 'only available defensively and by way of recoupment' (see Jaffa v. Lopez, 38 N.M. 290, 31 P.2d 988, 992). If they exceed the sum payable according to the contract, they would not support a judgment over for the borrower. Perhaps it was to remedy this situation that the 1933 amendment was adopted.

"It seems appropriate to call attention to the difference in results to be obtained by the borrower in the limitation by recoupment, and by affirmative independent action. In any action on the usurious contract, in case the borrower has not paid the interest contracted for, his recoupment will be the *amount of the accrued interest* contracted for, and he will recover his costs. If the borrower has paid the interest, his recoupment will be *twice* the amount of the interest paid and the accrued and unpaid interest. It seems that the penalty imposed upon the oppressor incident to contracting to receive usury is doubled when he receives the fruits of the evil design. Since, as we said in Jaffa v. Lopez, supra, under the original statute, 'the only recovery provided for is by the lender', in the last mentioned instance the costs would follow the judgment, and the lender would recover such. Under the provisions of the 1933 amendment, the bor-

rower, who has performed his contract, may recover *treble* the amount of interest he has paid and the costs would follow the recovery." (Emphasis ours.)

In short, the decision in Flint v. Kimbrough, supra, concluded that, absent performance by the borrower, the usury statute as amended could serve borrower only as a shield by way of recoupment; and further that the affirmative right of borrower to recover over against the lender or in an independent suit accrued only in the event of performance by the borrower. Also see Scottish Mortgage & Land Investment Co. v. McBroom, 6 N.M. 573, 30 P. 859; Mc-Broom v. Scottish Mortgage & Land Inv. Co., 153 U.S. 318, 14 S.Ct. 852, 38 L.Ed. 729.

Since, by admission of appellant in open court, there was no performance by borrower, appellant cannot recover a money judgment against appellee. We specifically reserve for decision the question of what may or may not constitute performance until a proper case arises calling for a decision on that point. The judgment will be affirmed and it is so ordered.

McGHEE, C. J., and SADLER, LUJAN, and SEYMOUR, JJ., concur.